# In the United States Court of Federal Claims

No. 20-2081C

(Filed: July 28, 2021)

```
*************************************
ADDISA JAHRUSALEM FRANCIS,          *
A/K/A JACQUELINE DENNIS,            *
                                    *
              Plaintiff,            *
                                    *   Pro Se Claim; Collateral Attack on
v.                                  *   Criminal Court Judgment; RCFC 12(b)(1)
                                    *
THE UNITED STATES,                  *
                                    *
              Defendant.            *
*************************************
```

Addisa Jahrusalem Francis, Tampa, FL, pro se.

Daniel Hoffman, United States Department of Justice, Washington, DC, for defendant.

**OPINION AND ORDER**

**SWEENEY**, Senior Judge

  Plaintiff Addisa Jahrusalem Francis, also known as Jacqueline Dennis, is proceeding pro se in this matter. In her complaint she specifically challenges her criminal conviction and that of her husband, and more broadly demands reparations from the United States. Ms. Francis also applies to proceed in forma pauperis. Defendant moves, pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), to dismiss Ms. Francis's complaint for lack of jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted. For the reasons set forth below, the court grants Ms. Francis's application to proceed in forma pauperis and also grants defendant's motion to dismiss.

### I. BACKGROUND

  Ms. Francis is a frequent litigant in federal courts.[1] See, e.g., Dennis v. Van Buren, 187

---

[1] The court derives much of this background information from the complaint, but also relies on public records such as federal court decisions. See, e.g., Indium Corp. of Am. v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed. Cir. 1985) (stating that when "deciding . . . a Rule 12(b)(1) motion, the court can consider, as it did in this case, evidentiary matters outside the pleadings"); Floyd v. United States, 125 Fed. Cl. 183, 190 n.3 (2016) (noting that Federal Rule of Evidence 201 permits the court to take judicial notice of matters of public record). The court makes no

F. App'x 416 (5th Cir. 2006) (affirming the district court's rejection of Ms. Francis's "challenge[ to] the failure of the [United States] Supreme Court to order her immediate release [from incarceration] on the basis of a purported waiver submitted by the Government in certiorari proceedings"); United States v. Dennis, 189 F.3d 466 (5th Cir. 1999) (table) (denying Ms. Francis's appeal of the district court's ruling that she be committed to psychiatric treatment while incarcerated); United States v. Francis, 131 F.3d 1452 (11th Cir. 1997) (affirming the criminal convictions of Ms. Francis and her husband). In the complaint now before the court, Ms. Francis's allegations of fact largely concern her criminal conviction.[2] See Compl. 1 (stating that her conviction was wrongful and "cost [her] 365 months" of incarceration). She was convicted "for her participation in a conspiracy to kill a federal official and for her use of interstate commerce facilities in the commission of a murder for hire." Francis, 189 F.3d at 466. After having served her prison sentence, Ms. Francis is now on supervised release. Compl. 2.

Ms. Francis recounts a litany of wrongs in her complaint. Her expansive analysis of the injustices she and her family have allegedly suffered includes a discussion of philosophers ranging from Aristotle to John Rawls. Id. at 5-13. She also addresses critical race theory, id. at 13-19, and expresses the view that this litigation exposes "the United States['] genocidal legal practices against nonwhites," id. at 19.

Although Ms. Francis's claims resist a succinct summary, it is clear she seeks monetary damages "in excess of $100,000." Id. at 20. She also seeks exoneration. Id. Her claim, at bottom, is a request that this court overturn her criminal conviction and grant her monetary compensation for what she alleges was a wrongful conviction. See id. (noting that she has been "barred from redress in [the] United States District Court" and commenting that "the majority of judges do not like ruling against one of their own"); Pl.'s Appl. Proceed In Forma Pauperis 1 ("In this case my complaint is centered around [a district court judge who] recently denied me Coram Nobis relief by barring me from future litigation i[n] my pursuit for vindication from 27 years illegal incarceration . . . .").

Ms. Francis filed a number of dispositive motions during the course of this litigation, including a motion for summary judgment and a motion for a preliminary injunction. The first was stayed because defendant had not yet responded to the complaint and the others were stayed because the government's motion to dismiss includes a jurisdictional challenge that requires resolution in the first instance. Ms. Francis also responded to defendant's motion to dismiss and

---

findings of fact in this opinion.

[2] Henry Francis is not a party to this suit; thus, Ms. Francis lacks standing to assert claims related to his incarceration. See Saladino v. United States, 63 Fed. Cl. 754, 758 (2005) (noting that a pro se plaintiff has no standing to assert the claims of nonparties in this court). For this reason the court will not discuss Ms. Francis's claims that focus on her husband's criminal conviction and subsequent incarceration. Moreover, even if Mr. Francis were a plaintiff in this suit, there is no jurisdiction in this court for challenges to criminal convictions, as discussed in Section III.A of this opinion.

the government then filed a reply.  The court deems oral argument unnecessary; thus, defendant's motion is ripe for adjudication.

## II. STANDARDS OF REVIEW

### A. Pro Se Plaintiffs

Pro se pleadings are "held to less stringent standards than formal pleadings drafted by lawyers" and are "to be liberally construed."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  However, the "leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements."  Minehan v. United States, 75 Fed. Cl. 249, 253 (2007); accord Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995) ("The fact that [the plaintiff] acted pro se in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be.").  In other words, a pro se plaintiff is not excused from her burden of proving, by a preponderance of evidence, that the court possesses jurisdiction.  See Banks v. United States, 741 F.3d 1268, 1277 (Fed. Cir. 2014) (citing Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)).

### B. Motion to Dismiss Under RCFC 12(b)(1)

Whether the court has subject matter jurisdiction to decide the merits of a case is a threshold matter.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-94 (1998).  "Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."  Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868).  When considering whether to dismiss a complaint for lack of jurisdiction pursuant to RCFC 12(b)(1), the court assumes that the allegations in the complaint are true and construes those allegations in the plaintiff's favor.  Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

The ability of the United States Court of Federal Claims ("Court of Federal Claims") to entertain suits against the United States is limited.  "The United States, as sovereign, is immune from suit save as it consents to be sued."  United States v. Sherwood, 312 U.S. 584, 586 (1941).  The waiver of immunity "cannot be implied but must be unequivocally expressed."  United States v. King, 395 U.S. 1, 4 (1969).

The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States that are founded upon the United States Constitution, a federal statute or regulation, or an express or implied contract with the United States.  28 U.S.C. § 1491(a)(1).  However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages."  United States v. Testan, 424 U.S. 392, 398 (1976).  Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States."  Loveladies

Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

To determine whether it has jurisdiction, the court discerns the true nature of the claims in the complaint and is not constrained by the plaintiff's characterization of those claims. Katz v. Cisneros, 16 F.3d 1204, 1207 (Fed. Cir. 1994). If the court finds that it lacks subject matter jurisdiction over a claim, RCFC 12(h)(3) requires the court to dismiss that claim.

### III.  DISCUSSION

#### A.  Impermissible Collateral Attack on Plaintiff's Criminal Conviction

Ms. Francis presents in her complaint a collateral attack on the criminal proceedings conducted by a federal district court and on that court's subsequent rejection of Ms. Francis's repeated attempts to overturn her conviction. The Court of Federal Claims, however, lacks jurisdiction over challenges to criminal proceedings in a district court or disagreements with those courts' decisions. See Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts."); Kania v. United States, 650 F.2d 264, 268 (Ct. Cl. 1981) (noting that "the role of the judiciary in the high function of enforcing and policing the criminal law is assigned to the courts of general jurisdiction and not to this court"); Cooper v. United States, 104 Fed. Cl. 306, 312 (2012) (holding that the court lacks jurisdiction "to the extent that plaintiff is challenging his criminal trial, conviction, and imprisonment"); Schweitzer v. United States, 82 Fed. Cl. 592, 596 (2008) (holding that the Court of Federal Claims lacks jurisdiction over challenges to "indictments, arrests, prosecutions, convictions, imprisonment, or parole").[3]

#### B.  Absence of Jurisdictional Prerequisite for Plaintiff's Wrongful Conviction Claim

Subsumed within Ms. Francis's broadside attacking the criminal proceedings against her are several directly and indirectly related claims that the court will address for the sake of completeness. First, Ms. Francis invokes 28 U.S.C. § 1495, the statute that permits this court to consider monetary claims founded on convictions that have been deemed wrongful. Compl. 1. Pursuant to § 1495, the court can entertain "any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." The Court of Federal Claims can only adjudicate a claim on the aforementioned grounds, however, "after a[nother] court has reversed a plaintiff's conviction on the grounds of innocence or . . . the President of the United States has pardoned the plaintiff." Phang v. United States, 87 Fed. Cl. 321, 330 (2009), aff'd, 388 F. App'x 961 (Fed. Cir. 2010); see also 28 U.S.C. § 2513 (setting forth the jurisdictional prerequisites for a wrongful conviction monetary claim under § 1495); Grayson v. United States, 141 Ct. Cl. 866, 869 (1958) (per curiam). Ms. Francis does not allege that her conviction has

---

[3] Transfer of the complaint to another federal court would not be in the interest of justice, 28 U.S.C. § 1631, because, to the court's knowledge, there is no forum for Ms. Francis's collateral attack on her criminal conviction.

been reversed or that she has been pardoned.  Thus, the court cannot exercise jurisdiction over any wrongful conviction claim in Ms. Francis's complaint.[4]

### C.  No Money-Mandating Source of Law to Support Jurisdiction for Plaintiff's Claims

Ms. Francis further refers, in a cursory manner, to various legal rights that have allegedly been violated by the district court in particular, and the United States in general.  The court has reviewed these allegations and finds therein no source of law that supports Tucker Act jurisdiction for this matter.  For example, Ms. Francis repeatedly alleges that the "RICO Act" has been violated.  Compl. 1-2, 19-21.  As with other criminal statutes, however, claims based on violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, are not within this court's jurisdiction.  E.g., Matthews v. United States, 72 Fed. Cl. 274, 282 (2006).

Ms. Francis also claims that her rights under the Americans with Disabilities Act ("ADA") have been violated.  Compl. 1-2, 20.  ADA claims cannot be heard by this court.  E.g., Gray v. United States, 69 Fed. Cl. 95, 101-02 (2005).  Nor is this court the proper forum to address hate crimes or civil rights violations.  See, e.g., Khalil v. United States, 133 Fed. Cl. 390, 392 (2017) (stating that the Court of Federal Claims lacks jurisdiction over hate crimes); Moore v. United States, 94 Fed. Cl. 456, 463 (2010) (stating that the Court of Federal Claims lacks jurisdiction over civil rights violations), aff'd, 419 F. App'x 1001 (Fed. Cir. 2011).  Finally, as to Ms. Francis's allegation that her right to equal protection under the law was denied, Compl. 2, that constitutional guarantee is not money-mandating for Tucker Act purposes.  See, e.g., Mullenberg v. United States, 857 F.2d 770, 773 (Fed. Cir. 1988) (holding that the equal protection clause of the Fifth Amendment to the United States Constitution does "not trigger Tucker Act jurisdiction in the courts").  In sum, the sources of law relied upon by Ms. Francis fail to support jurisdiction in this court for her claims.[5]

---

[4]  Wrongful conviction claims lacking allegations of a reversed conviction or a pardon have been dismissed under RCFC 12(b)(1) and RCFC 12(b)(6).  Compare Winters v. United States, 140 Fed. Cl. 585, 588-90 (2018) (dismissing claim under RCFC 12(b)(6)), with Abu-Shawish v. United States, 120 Fed. Cl. 812, 814 (2015) (dismissing claim under RCFC 12(b)(1)).  This court follows the binding precedent of the United States Court of Claims in Grayson, 141 Ct. Cl. at 869, but notes that dismissal of Ms. Francis's wrongful conviction claim would also be appropriate under RCFC 12(b)(6), for failure to state a claim upon which relief can be granted, because she has not alleged the existence of a reversed conviction or a pardon, see Winters, 140 Fed. Cl. at 590 (dismissing wrongful conviction claim under RCFC 12(b)(6) because the requirements of § 2513 were not met).

[5]  In her response brief, Ms. Francis contends that counsel for defendant cannot appear in this case due to "waiver," although her arguments regarding waiver are not clear.  Pl.'s Resp. 1-2.  She also asserts that the government's motion to dismiss is untimely.  Id. at 1.  Neither of these contentions is correct.  Further, the court would be obliged to dismiss this suit sua sponte for lack of jurisdiction even if defendant's motion were untimely or the doctrine of waiver was applicable here.  See, e.g., Am. Fire & Cas. Co. v. Finn, 341 U.S. 6, 17-18 (1951) ("The

### IV.  APPLICATION TO PROCEED IN FORMA PAUPERIS

As noted above, Ms. Francis filed, concurrent with her complaint, an application to proceed in forma pauperis.  Courts of the United States are permitted to waive the prepayment or payment of filing fees and security under certain circumstances.[6]  28 U.S.C. § 1915(a)(1). Plaintiffs wishing to proceed in forma pauperis must submit an affidavit that lists all of their assets, declares that they are unable to pay the fees or give the security, and states the nature of the action and their belief that they are entitled to redress.  Id.  Ms. Francis has substantially satisfied the requirements set forth in 28 U.S.C. § 1915(a).  The court therefore grants her application to proceed in forma pauperis.

### V.  CONCLUSION

There is no jurisdiction in this court for the claims stated by Ms. Francis in her complaint. Consequently, the court **GRANTS** defendant's motion to dismiss and **DISMISSES WITHOUT PREJUDICE** the complaint for lack of subject matter jurisdiction.  The following motions filed by Ms. Francis are **DENIED** as moot:  (1) Motion for Summary Judgment; (2) Motion for Preliminary Injunction; (3) Motion for Judicial Estoppel, Laches and Judgments [on] Motion[s] for Petitioner's Interlocutory Injunction, Preliminary Injunction and Summary Judgment; (4) Motion for Constitutional Right to Remedy; and (5) Motion for Clarity of Waiver Law.

The court **GRANTS** Ms. Francis's application to proceed in forma pauperis.

No costs are awarded.  The clerk is directed to enter judgment accordingly.

Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this

---

jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation or by prior action or consent of the parties." (footnote omitted)); S. Cal. Fed. Sav. & Loan Ass'n v. United States, 422 F.3d 1319, 1328 (Fed. Cir. 2005) (stating that "questions of subject matter jurisdiction . . . cannot be conceded . . . by a party"); View Eng'g, Inc. v. Robotic Vision Sys., Inc., 115 F.3d 962, 963 (Fed. Cir. 1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not."); Arctic Corner, Inc. v. United States, 845 F.2d 999, 1000 (Fed. Cir. 1988) ("A court may and should raise the question of its jurisdiction sua sponte at any time it appears in doubt.").

[6]  While the Court of Federal Claims is not generally considered to be a "court of the United States" within the meaning of title 28 of the United States Code, the court has jurisdiction to grant or deny applications to proceed in forma pauperis.  See 28 U.S.C. § 2503(d) (deeming the Court of Federal Claims to be "a court of the United States" for the purposes of 28 U.S.C. § 1915); see also Matthews, 72 Fed. Cl. at 278 (stating that this court "has authority to waive the prepayment of filing fees and grant a motion to proceed in forma pauperis").

order would not be taken in good faith because, as alleged, Ms. Francis's claims are clearly beyond the subject matter jurisdiction of this court.

**IT IS SO ORDERED.**

_____
MARGARET M. SWEENEY
Senior Judge